**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4746**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER ANTONIO JOYNER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:05-cr-00266-H-1)

Submitted: May 7, 2019                                      Decided: May 29, 2019

Before KING and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Antonio Joyner appeals his 24-month revocation sentence, which the district court ordered to run consecutively to the state sentence he is currently serving. On appeal, Joyner challenges the reasonableness of his sentence, arguing that the court: (1) failed to consider his nonfrivolous argument for a concurrent revocation sentence— namely, the progress he made during his mental health treatment while incarcerated; and (2) improperly focused on the seriousness of the criminal conduct that resulted in the revocation of his supervised release when deciding to run his revocation sentence consecutively to his state sentence. Finding no reversible error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, "we will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). We apply the same general considerations used in evaluating original criminal sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (internal quotation marks omitted). Only when we conclude that the revocation sentence is procedurally or substantively unreasonable, will we consider whether the sentence "is plainly so." *Id.* at 208 (internal quotation marks omitted). "And even if a revocation

2

sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless." *Id.* at 207.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* (footnotes omitted); *see* 18 U.S.C. § 3583(e) (2012) (listing § 3553(a) factors relevant to revocation sentences). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). An explanation will be sufficient and allow for meaningful appellate review if there is "an assurance that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted). As with original sentences, "less explanation is required for" a within-policy-statement-range sentence than for one that departs from the recommended range. *Id.* "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 208 (alteration and internal quotation marks omitted). We presume that a sentence within the applicable policy statement range is substantively reasonable. *Gibbs*, 897 F.3d at 204.

3

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust." U.S. Sentencing Guidelines Manual, ch. 7, pt. A(3)(b). While the court also must consider certain factors enumerated under § 3553(a), § 3853(e), which governs supervised release revocation proceedings, excludes consideration of "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see* 18 U.S.C. § 3583(e). We have recognized, however, that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641. Thus, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

Here, the district court imposed the Guidelines' recommended sentence, both in terms of the length of the sentence and that it be run consecutively to the state sentence Joyner is currently serving. Thus, "less explanation is required" than had it departed from the Guidelines. *Gibbs*, 897 F.3d at 204. Although the court did not explicitly address in its sentencing explanation Joyner's argument related to his purported success in mental health treatment, we have "sufficient assurance" from the court's comments during the revocation hearing that it considered this argument before imposing the revocation sentence. *Id.*; *see United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006) (observing that "context surrounding a district court's explanation" may be enough

4

to evaluate whether court properly considered § 3553(a) factors).  We conclude, however, that the court erred by "predominately"—indeed, solely—relying on a prohibited factor, the seriousness of Joyner's criminal conduct, when explaining its chosen sentence. *Webb*, 738 F.3d at 642.

The Government argues, though, that any error by the district court was harmless. We agree.  It is not plausible that the court would have imposed a concurrent revocation sentence had it identified appropriate § 3553(a) factors when explaining its sentence. Because the court considered and rejected Joyner's nonfrivolous argument in mitigation, there was nothing left to sway the court's opinion in favor of imposing a concurrent sentence.  Indeed, the other factors addressed by the Government at the revocation hearing, such as the need to deter Joyner from engaging in additional criminal activity and the breach of the court's trust, weigh in favor of the consecutive sentence the court ultimately imposed.

Because the district court's error in relying predominately on the seriousness of Joyner's criminal conduct when crafting his revocation sentence was harmless, we affirm the court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*